**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| QUNITTA J. GOODIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-CV-00131-CMS |
| | ) | |
| RENAISSANCE BEAUTY ACADEMY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Qunitta J. Goodin brings this employment discrimination action against her prospective employer, Defendant Renaissance Beauty Academy. Now before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis*, or without prepayment of fees and costs. (Doc. 2). Upon consideration of the financial information submitted in support of the motion, the Court finds that Plaintiff is unable to pay the filing fee. The motion will be **GRANTED**, and the fee will be waived. *See* 28 U.S.C. § 1915(a)(1).

Additionally, Plaintiff's complaint is defective and was not drafted on a Court-provided form. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable… If an action is not filed on a Court-provided form, the Court, in its discretion, may order the self-represented plaintiff or petitioner to file the action on a Court-provided form."). Plaintiff must complete the form for a Title VII Employment Discrimination Complaint, sign it, and file it with this Court within **thirty (30) days** of this Order. Plaintiff is warned that failure to do so will result in dismissal of this case.

Lastly, Plaintiff indicates in her Complaint that she filed a Charge of Discrimination with the Equal Employment Opportunity Commission and that she received an EEOC Notice of Right

to Sue. (Doc. 1 at 1). "In order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter." *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000)). But Plaintiff did not attach either of these documents as exhibits to her Complaint. Consequently, the Court will order Plaintiff to file with her amended complaint a copy of her Charge of Discrimination as well as a copy of the EEOC Notice of Right to Sue, within **thirty (30) days** of the date of this Order.

**Instructions for Filing an Amended Complaint**

Plaintiff must prepare her amended complaint using the Court-provided form, and she must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. Her self-represented status does not excuse her from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Rule 10(b) requires Plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Each count shall then set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that defendant violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff shall follow the same format with respect to each claim. In stating the facts of a claim, Plaintiff must describe the conduct she alleges is

unlawful and the date(s) such conduct occurred, if known. In other words, Plaintiff must describe the adverse employment action(s) she believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful conduct (that is, race, religion, color, disability, etc.).

Plaintiff must also attach a complete copy of her EEOC Charge of Discrimination and EEOC Notice of Right to Sue. These documents will be considered a part of the amended complaint for all purposes. Fed. R. Civ. P. 10(c).

The Court will direct the Clerk of Court to provide Plaintiff with an Employment Discrimination Complaint form, and Plaintiff will have **thirty (30) days** from the date of this Memorandum and Order to file an amended complaint on the form provided. The amended complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form, as well as the instructions provided in this Memorandum and Order. Plaintiff is cautioned that the filing of an amended complaint completely replaces all earlier filed complaints in this action. Claims that are not realleged are deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

**Artificial Intelligence and Rule 11**

By presenting to the Court any pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – self-represented parties and attorneys acknowledge they will be held responsible for its contents, including any portion generated with artificial intelligence (AI). *See* FED. R. CIV. P. 11(b).

Attorneys and self-represented parties alike must exercise great caution in submitting any AI-generated material in pleadings before the Court. Use of AI without verification of its accuracy,

like any other shoddy research method, implicates Federal Rule of Civil Procedure 11, which prohibits the filing of frivolous or unsupported pleadings and sanctions violations.

Attorneys and self-represented parties are therefore on notice that any pleading (AI generated or not) that hallucinates legal citations or propositions or otherwise misstates the law, is apparently a form document not properly reviewed or completed by the filer, or that has not been subjected to an inquiry reasonable under the circumstances pursuant to Rule 11, will result in the imposition of sanctions.

Failure to comply with any part of this Order may result in the imposition of sanctions, including but not limited to non-monetary directives, an order to pay a penalty into court, an award of reasonable attorney's fees and expenses, striking pleadings, dismissal of the action, entry of default judgment, and restrictions on the admissibility of evidence. *See* FED. R. CIV. P. 11(c); Local Rule 5.04.

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a blank Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, within thirty (30) days of the date of this Order, on the Court-provided Employment Discrimination Complaint form in accordance with the instructions set forth in that form and in this Memorandum and Order. Plaintiff shall attach her EEOC Charge of Discrimination and EEOC Notice of Right to Sue.

**Failure to timely comply with this Order may result in the dismissal of this action without prejudice and without further notice.**

Dated this 6th day of October, 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE